UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

GOD LOREN LYLE ZEMPLE,

    Plaintiff,

v.

UNITED STATES FEDERAL
GOVERNMENT, President WILLIAM
CLINTON, President GEORGE BUSH
SENIOR, President GEORGE BUSH
JUNIOR, STATE OF MINNESOTA
GOVERNMENT, HENNIPENN COUNTY,
NICOLET COUNTY, RUSH COUNTY,
Attorney MALIN GREENBERG, Attorney
FRANCIS RONDONI, and ALL OF
AMERICAN FAMILY INSURANCE,

    Defendants.
_____

Civil No. 12-1877 (JNE/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, the substantive allegations set forth in the complaint, repeated verbatim and in their entirety, are as follows:

"For Killing God; For God is Love."

(Complaint, pp. 4, § 7.)

An attachment to the complaint adds the following:

"FOR Killing God i For God i's LOVE, stealing all of God i's property Unconstitutionally including God,s two children Chad Loren Zemple A.K.A. Son God, AND lovely Jessica Christen Zemple A.K.A. Mother Naturn, Killing all the people in the Gulf including Iraq, Iran, Afganistan [sic], 911 2001 in New York City FOR oil, and once MORE killing God i FOR God i's LOVEin', LOVEin', LOVEin', LOVE of all God i's Wworld including hard labor AND jail time FOR eating AND FOR Killing Bin Laden AND his terrorists AND others on the two flight's on @ 911. AND all of American Family Insurance's assets FOR breach of contract!!! Wwwhy "The Music's Over" Doors."

(Complaint, Addendum.)

Plaintiff's complaint indicates that he is seeking relief base on "All of Constitution." (Complaint, p. 3, § 3.) Based on the allegations quoted above, Plaintiff is seeking a

2

judgment against the various named Defendants in the amount of $27,000,000.00.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. The complaint does not describe any acts or omissions by any of the named Defendants that could entitle Plaintiff to any relief under any legal theory. Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint clearly fails to state any actionable claim for relief.

Because Plaintiff's complaint does not set forth a cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   August 10, 2012

                                 *s/Arthur J. Boylan*
                                 ARTHUR J. BOYLAN
                                 United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 27, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.